IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:13-CR-3057 |
| vs. | |
| | ORDER |
| SCOTT USHER and ROBIN USHER, | |
| Defendants. | |

This matter is before the Court on Defendant's Unopposed Motion for Leave to File Motions Out of Time (filing 115). That motion will be granted. Scott Usher's objections to the presentence report (PSR) (filing 116) and motion for variance (filing 117) will be taken under advisement and finally resolved at sentencing.

It appears to the Court, from those objections, that this case may present complicated issues with respect to loss calculation and restitution. The burden is on the government to prove the factual basis for a sentencing enhancement by a preponderance of the evidence. *United States v. Peroceski*, 520 F.3d 886, 889 (8th Cir. 2008). The government also has the burden to demonstrate the amount of loss for purposes of restitution by a preponderance of the evidence. 18 U.S.C. § 3664(e). Accordingly, the government must present the Court with evidence meeting its burden.

In order to facilitate the Court's findings in that regard, the Court will direct the government to file a written response to the plaintiff's objections. And, to make sure the Court is prepared to make accurate findings, the Court will bifurcate sentencing: the Court will hold an evidentiary hearing on the issues of loss calculation and restitution on May 1, 2015, at 9:00 a.m. The Court will then set a date and time for a final sentencing hearing at or after the May 1 hearing. The Court has 90 minutes set aside for that hearing; the parties will be directed to promptly advise the Court whether that time will be sufficient to present evidence on loss calculation and restitution. (Other matters, such as the motion for variance, will be taken up at the final sentencing hearing.)

The Court also notes that while the present motions relate to the sentencing of Scott Usher, the interests of codefendant Robin Usher—particularly with respect to restitution—may also be implicated by the evidence adduced at the May 1, 2015 hearing. Generally, a sentencing judge

is permitted to rely upon facts gleaned from a codefendant's trial, but only if the defendant had notice and an opportunity to respond to that evidence. *See*, *United States v. Bonine*, No. 14-2218, 2015 WL 689584, at \*2 (8th Cir. Feb. 19, 2015); *Smith v. United States*, 206 F.3d 812, 813 (8th Cir. 2000). Accordingly, the Court will afford Robin Usher the opportunity to participate, should she wish to do so, in the May 1 hearing. Counsel for Robin Usher will be directed to inform the Court whether she intends to do so.

IT IS ORDERED:

1.  Defendant's Unopposed Motion for Leave to File Motions Out of Time (filing 115) is granted.

2.  The government shall file a written response to Scott Usher's objections to the PSR on or before April 29, 2015.

3.  An evidentiary hearing limited to the issues of loss calculation and restitution is set for May 1, 2015 at 9:00 a.m. in Courtroom 1, Robert V. Denney Federal Building, 100 Centennial Mall North, Lincoln, Nebraska.

4.  The parties shall advise the Court on or before April 25, 2015, if more than 90 minutes will be required for the May 1 hearing.

5.  A time and date for final sentencing as to defendant Scott Usher shall be set at or after the May 1 hearing.

6.  Counsel for defendant Robin Usher shall inform the Court, on or before April 28, 2015, whether or not she intends to participate in the May 1 hearing.

Dated this 22nd day of April, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge

- 2 -